PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ VÉLEZ-RUIZ, Defendant and Appellant.

No. 3224. Argued November 10, 1927.—Decided March 27, 1928.

E. *Martínez Avilés* and *Martínez Dávila* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

José Vélez Ruiz was accused of having "unlawfully, wilfully and criminally, without having a license for the sale of arms, sold a revolver, a weapon with which bodily injury can be inflicted, to Esteban Cortes Colón, who had no authority to carry it."

The evidence showed that the accused, who was a dealer in native fruits and vegetables, sold to Cortes an old revolver which Cortes said he was buying "with the intention of keeping it in his house."

The district court convicted the defendant and sentenced him to one month in jail, from which judgment the defendant appealed to this Supreme Court. He contends that the judgment is erroneous because "the spirit of the law is to punish one ordinarily engaged in the sale of firearms . . . . and not one who incidentally sells an old revolver," and because the purchaser acquired the arm for use "in his house" where he had a right to have it. No jurisprudence is cited by the appellant.

The law applicable to the case is section 3 of Act No. 14 of 1924, reading as follows:

"That any person selling, exchanging, pledging, donating or delivering any of the arms stated in Section 1 of this Act, to another person not legally authorized to carry the same, shall be punished by imprisonment for not less than one nor more than six months. Sales by duly authorized merchants, to other merchants for re-sale, are excepted."

A reading of the statute is sufficient for concluding that it does not mean that the seller shall be a regular dealer in

arms. Any person who sells, exchanges, donates or delivers only once to another person a prohibited arm such as a revolver violates the law and commits the offense defined and penalized thereby.

Let us consider the other contention of the appellant. What the law punishes is the sale to a person without legal authority to carry the arm. Here Cortes had no legal authority. Hence the requisite exists. But no offense is committed under the law by the carrying of a forbidden arm within one's own house or property. Such being the case, what influence can be attached to the fact that the arm was purchased to be carried according to law, although no license has been granted therefor?

Really this is a question that should be decided according to the peculiar circumstances of each case, because in ordinary commerce between men transactions are made day after day involving prohibited arms bought for the sole purposes of being used in the home or on the farm; but in the case of a revolver if the statement of the purchaser that he acquired the revolver for the purpose of using it within his own house or farm should be admitted as a complete defense, the prohibitory precept could be easily destroyed and the statute would become in fact annulled. However, if the court is convinced that the intention of the accused had been only to carry the arm to his own house, a distinct situation would arise, but in this case the evidence tends to show that the purchaser was found guilty of carrying forbidden arms.

Moreover, the exceptions contained in section 5 of Act No. 14 of 1924 and other provisions of the same law are of such a nature that properly construed and applied they would cover any just situation that might arise.

By virtue of the foregoing the appeal is dismissed and the judgment appealed from affirmed.